IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CHRISTIAN LAMONT JAMES, )
 )
      Plaintiff, )
 )
v. ) No. CIV-11-241-FHS
 )
J.J. MCCLURE and JASON GLOVER, )
 )
      Defendants. )

## OPINION AND ORDER

      Plaintiff, Christian Lamont James, instituted this action seeking to have criminal charges against him removed from his record and to stop the harassment by Defendants, J.J. McClure and Jason Glover, deputy sheriffs of Murray County, Oklahoma. The criminal charges against Plaintiff arise out of a purported "traffic stop" of Plaintiff on an unspecified date. It is Plaintiff's position that Defendants conducted an unlawful search of his vehicle and that he was subsequently subjected to an illegal seizure of his person pursuant to an arrest warrant. Defendants have filed a Motion to Abstain (Dkt. No. 11) asking this Court to refrain from proceeding in this matter in light of the pending criminal action arising out of the "traffic stop." The criminal action has been filed in the District Court of Murray County, Oklahoma, charging Plaintiff with possession of a controlled dangerous substance after former conviction of a felony. Plaintiff has failed to respond to Defendants' motion. Having fully considered the issues raised by Defendants' motion, the Court finds it appropriate to stay this matter pending resolution of the state criminal proceedings.

      Defendants' motion invokes the doctrine of abstention set

forth by Younger v. Harris, 401 U.S. 37 (1971). Pursuant to the Younger abstention doctrine, a federal court must abstain from exercising jurisdiction over an action where "(1) state judicial proceedings are ongoing; (2) state proceedings implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." Winnebago Tribe of Neb. v. Stovall, 341 F.3d 1202, 1204 (10th Cir. 2003). If these three conditions are met, the Court is required to abstain unless extraordinary circumstances exist. Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211, 1215 (10th Cir. 2003). Although the record before the Court is limited, the Court nonetheless finds all three of the Younger factors have been satisfied. First, Defendants assert Plaintiff has been charged in the District Court of Murray County, Oklahoma, with a felony charge of possession of a controlled substance after former conviction and that a preliminary hearing is set in that matter on September 28, 2011.[1] A state criminal case is the type of state proceeding due deference under Younger. D.L. v. Unified Sch. Dist. No. 497, 392 F.3d 1223, 1228 (10th Cir. 2004)(seeking to enjoin a pending state criminal proceeding is the classic example of the application of Younger abstention). Second, the State of Oklahoma clearly has a substantial interest in prosecuting individuals who allegedly violate its laws. Finally, the state criminal proceedings provide an adequate opportunity for Plaintiff to litigate the federal constitutional issues raised herein, i.e., the alleged Fourth Amendment violations of illegal search and seizure. Indeed, it appears from the limited record before the Court that the validity of the underlying state criminal charge rests, in part, on the

---

[1] Defendants do not provide any supporting documentation for the state criminal charge, but the Court assumes the existence of such state court proceedings given the allegations in Plaintiff's Complaint.

2

resolution of the constitutional issues asserted herein by Plaintiff. As all three conditions of <u>Younger</u> have been satisfied, the Court concludes it is appropriate to stay this action.[2]

Defendants' Motion to Abstain (Dkt. No. 11) is granted. This action is stayed pending conclusion of the underlying state court criminal proceedings. Because the resolution of the state proceedings could take a substantial amount of time, the Court finds an administrative closure of this case is also appropriate. Consequently, the Court Clerk shall administratively close this case and it may be reopened upon the request of either party made within ninety days of the conclusion of the underlying state court criminal proceedings.

It is so ordered this 12th day of September, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

---

[2] The record does not establish extraordinary circumstances which would prevent abstention. Plaintiff has not made a showing of bad faith or harassment by state officials responsible for the prosecution of Plaintiff nor has there been a showing that any state law or regulation to be applied is "flagrantly and patently violative of express constitutional prohibitions." See <u>Brown v. Day</u>, 555 F.3d 882, 888 n. 4 (10th Cir. 2009).

3